Filed 12/11/20  P. v. Singh CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C090173 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF-2018-4164) |
| v. | |
| PRASHNEET SINGH, | |
| Defendant and Appellant. | |
| THE PEOPLE, | C090442 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF-2018-6647) |
| v. | |
| PRASHNEET SINGH, | |
| Defendant and Appellant. | |

1

In this consolidated appeal from denial of defendant's motion to recall his sentence pursuant to Penal Code section 1170, subdivision (d),[1] appointed counsel for defendant Prashneet Singh, asks this court to review the record to determine whether there are any arguable issues in this consolidated appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We conclude defendant is not entitled to a *Wende* review and will dismiss this appeal as abandoned.

## BACKGROUND

Defendant resolved case No. CFR-2018-4164 (the Battery Case) by pleading no contest to committing battery for the benefit of a street gang (§§ 186.22, subd. (d), 242) and admitting the prior strike allegation (§ 667, subds. (c), (e)(1)). In exchange, the parties agreed defendant would receive the lower term of one year, doubled to two for the prior strike, and the remaining enhancements would be dismissed. In addition, defendant would receive dismissal of two other pending cases.

Thereafter, defendant resolved case No. CRF-2018-6647 (the Drug Case) by pleading no contest to bringing a controlled substance into jail (§ 4573) and admitting the prior strike allegation (§ 667, subds. (c), (e)(1)). In exchange, defendant would receive the lower base term of two years, doubled to four for the prior strike, and the remaining enhancements would be dismissed. This agreement contemplated a consecutive sentence of one year four months for the Battery Case.

Defendant was sentenced in both the Drug Case and the Battery Case on March 22, 2019. In accordance with the plea agreement, the court designated the Drug Case as the principal term and sentenced defendant to two years, doubled to four because of the prior strike. For the Battery Case, defendant received a consecutive sentence of one-third the middle term (eight months), which was doubled to one year four months for the prior

---

[1]     Undesignated statutory references are to the Penal Code.

2

strike. The court also ordered defendant pay two $300 restitution fines (§ 1202.4, subd. (b)), two suspended $300 parole revocation restitution fines (§ 1202.45), two $40 court operations assessment fees (§ 1465.8, subd. (a)(1)), and two $30 criminal conviction assessment fees (Gov. Code, § 70373). The court awarded 107 days of actual credit plus 106 days of conduct credit for a total of 213 days presentence custody credit in the Battery Case. The court awarded 130 days actual credit plus 130 days conduct credit for a total of 260 days presentence custody credit in the Drug Case. Defendant did not appeal this judgment.

On June 14, 2019, defendant filed papers inviting the court to recall his sentence and set aside his felony conviction pursuant to section 1170, subdivision (d) arguing that pursuant to *People v. Raybon* (2019) 36 Cal.App.5th 111, review granted August 21, 2019, S256978, the facts surrounding the Drug Case no longer constituted a felony. On July 15, 2019, the trial court denied defendant's request, but advised that defendant could withdraw his plea if he so chose. There is no indication in the record that defendant ever moved to withdraw his plea, and the August 12, 2019, hearing set to allow defendant the opportunity to consult with counsel concerning the withdrawal of his plea was vacated. Defendant timely appealed.

## DISCUSSION

Counsel filed an opening brief that sets forth the relevant procedural history and facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed, but has not done so.

Review pursuant to *Wende* or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493], is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555 [95 L.Ed.2d 539, 545-546]; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537;

3

*People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*).) And the due process right to *Anders*/*Wende* review applies only in appellate proceedings in which a defendant has a previously established constitutional right to counsel. (*Serrano*, at p. 500; *Ben C*., at pp. 536-537.) The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano*, at pp. 500-501.) Although a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his or her substantial rights (§§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, a defendant is not entitled to *Wende* review in such an appeal when appointed counsel finds no arguable issues on appeal. (See *Serrano*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to § 1016.5].)

The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Serrano*, *supra*, 211 Cal.App.4th at p. 501.) Applying *Serrano* here, we conclude that defendant has no right to *Wende* review of the order denying his postjudgment request that the trial court recall his sentence under section 1170, subdivision (d). Further, given defendant's failure to file a supplemental brief despite being advised of his right to do so, we will dismiss defendant's appeal as abandoned. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040 [because postjudgment order appealed from is presumed to be correct, where defendant does not file a supplemental brief, the Court of Appeal may dismiss the appeal as abandoned], review granted Oct. 14, 2020, S264278.)

4

## DISPOSITION

The appeal is dismissed.

/s/
HOCH, J.

We concur:

/s/
BLEASE, Acting P. J.

/s/
KRAUSE, J.